IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:10-CR-62-JCB** |
| vs. | § § § | |
| | § | |
| **DARBY BROOKE WRIGHT (5)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On July 14, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine, a Class B felony, Defendant Darby Brooke Wright was sentenced on April 19, 2011 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. Defendant was sentenced to imprisonment for a term of 135 months followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse treatment and testing.

Defendant completed her term of imprisonment and started her term of supervised release on October 3, 2018. The case was reassigned to United States District Judge J. Campbell Barker on December 6, 2019. Defendant's conditions of supervised release were modified on October 22, 2021, to include location monitoring/home detention and mental health treatment.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 1, 2023, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested in Harrison County, Texas, on April 18, 2023, for the felony offense of Possession of a Controlled Substance Penalty Group 1 >= 1 gram < 4 grams.

2. **Allegation 2 (mandatory condition):  The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.**  It is alleged that Defendant was arrested in Harrison County, Texas, on April 18, 2023, after being found in possession of methamphetamine.

3. **Allegation 3 (standard condition 2):  The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**  It is alleged that Defendant failed to report to the probation office as instructed on September 20, 2021 and September 28, 2021.

4. **Allegation 4 (standard condition 6):  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**  It is alleged that Defendant admitted to failing to notify the probation officer of her change in residence at least ten days in advance on September 30, 2021.

5. **Allegation 5 (standard condition 9):  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer**.  It is alleged that Defendant was found to be associating with convicted felon, Haley Still, on August 11, 2021 and April 18, 2023.

6. **Allegation 6 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**  It is alleged that Defendant was arrested on April 18, 2023 and bonded out of jail on April 19, 2023, but failed to notify the probation officer within seventy-two hours of being arrested.

7. **Allegation 7 (special condition): Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by**

2

**the treatment provider.** It is alleged that Defendant failed to attend scheduled appointments for medication monitoring on February 8, 2023 and March 2, 2023, and failed to attend a scheduled appointment for mental health treatment on February 16, 2023.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline range of imprisonment is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by failing to report to the probation office as instructed, failing to notify the probation officer of her change in residence, associating with a convicted felon, failing to notify the probation officer within seventy-two hours of an arrest, failing to attend medication monitoring visits, and failing to

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

attend a mental health treatment appointment, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide a guideline imprisonment range for a Grade C violation of 6 to 12 months.

### *Hearing*

On July 14, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 5 of the petition and to jointly request a sentence of imprisonment for 12 months and 1 day, with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 5 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Carswell to facilitate family visitation.

### *Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 5 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 5 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Carswell

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release.

So ORDERED and SIGNED this 14th day of July, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE